## SECURITIES AND EXCHANGE COMMISSION v. ATLAS TACK CORPORATION.
### Civ. A. No. 50–143.

United States District Court
D. Massachusetts.
July 18, 1950.

112

Roger S. Foster, General Counsel, S.E.C., and William P. Bruton, Atty., S.E.C., both of Washington, D. C., and Frank Kopelman, Atty., S.E.C., of Boston, Mass., for plaintiff.

Arthur T. Garvey, Frederick T. Burns, Springfield, Mass., for defendant.

FORD, District Judge.

The motion of the plaintiff, the Securities and Exchange Commission, for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., having been argued before me on June 21, 1950, at Part 2 of the United States District Court for the District of Massachusetts, at Boston, Massachusetts, and William P. Bruton and Frank Kopelman having appeared in support thereof, and Frederick T. Burns having appeared in opposition, and no affidavits or any evidence having been submitted by the defendant in traverse of the facts set forth in the moving papers or in support of the denials and averments of defendant's answer, I find, after considering the pleadings, and the affidavits and exhibits submitted by plaintiff in support of such motion, that the following facts are uncontroverted:

## Findings of Fact

1. The plaintiff in this action is the Securities and Exchange Commission, an agency of the United States charged with the duty of administering the Securities Exchange Act of 1934.

2. Atlas Tack Corporation, a New York corporation that transacts business in the State of Massachusetts, has, and has had since the year 1935, 98,000 shares of its capital stock without par value but with a stated value of $6.00 per share listed and registered on the New York Stock Exchange, a national securities exchange, under the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq.

3. Atlas Tack Corporation is not, and was not at any time since January 1, 1946, an insurance company, an investment company, a common carrier, a public utility, or a company primarily engaged in the production and sale of raw-cane sugar or other seasonal crop agricultural commodity.

4. The fiscal year of the Atlas Tack Corporation is the calendar year, and in the application to the Securities and Exchange Commission for the registration of the securities referred to in Finding 2 the year ending December 31, 1934, was the last full fiscal year for which defendant Atlas Tack Corporation filed financial statements.

5. Except for leap years, April 30 of the year following the report year is, and was, the last day for the filing of annual reports under the Securities Exchange Act of 1934 by Atlas Tack Corporation with the Securities and Exchange Commission and with the New York Stock Exchange; in leap years the last day is, and was April 29. The last days for the filing of quarterly reports under the Securities Exchange Act of 1934 by Atlas Tack Corporation are, and were, the days 45 days after the end of each calendar year quarter following the calendar quarter ending on March 31, 1946.

6. Form 10-K of the Securities and Exchange Commission forms is, and was, the form prescribed by the Securities and Exchange Commission for the annual reports of Atlas Tack Corporation under the Securities Exchange Act of 1934; Form 9-K

is the form presently prescribed for the quarterly reports of Atlas Tack Corporation under that Act; prior to November 2, 1949 Form 8-K was the form prescribed for quarterly reports.

7. Atlas Tack Corporation made the following delayed filings of annual reports for the years from 1943 to 1948 with the Securities and Exchange Commission and with the New York Stock Exchange:

| Year | Report Due | Filed with SEC | Filed with NYSE |
| --- | --- | --- | --- |
| 1943 | April 29, 1944 | July 27, 1944 | August 9, 1944 |
| 1944 | April 30, 1945 | June 7, 1945 | June 2, 1945 |
| 1945 | April 30, 1946 | Feb. 20, 1947 | Feb. 20, 1947 |
| 1946 | April 30, 1947 | July 2, 1947 | July 2, 1947 |
| 1947 | April 29, 1948 | March 7, 1950 | March 7, 1950 |
| 1948 | April 30, 1949 | March 13, 1950 | March 10, 1950 |

8. Each one of the reports listed in Finding 7 was filed by the Atlas Tack Corporation only after such filing had been demanded by the Securities and Exchange Commission; two demands were made for the filing of the 1943 report, one for the 1944 report, four for the 1945 report, one for the 1946 report, three by letter, and one by the complaint in this action, for the 1947 report, and one, by the complaint in this action, for the 1948 report; the reports for the years 1947 and 1948 were filed only after this action was commenced.

9. Prior to the beginning of this action Atlas Tack Corporation had filed no quarterly reports with the Securities and Exchange Commission or with the New York Stock Exchange for any fiscal quarter of the years 1949, 1948, and 1946, or for the fiscal quarter ending December 31, 1947, although the Securities and Exchange Commission had repeatedly advised Atlas Tack Corporation of the necessity of filing such reports.

10. Atlas Tack Corporation failed to file its quarterly report for the quarter ending March 31, 1947 with the Securities and Exchange Commission until July 2, 1947; its quarterly reports for the quarters ending June 30 and September 30, 1947, were not filed with the Commission until March 25, 1948. Atlas Tack Corporation also failed to file quarterly reports with the New York Stock Exchange for the quarters ending June 30 and September 30, 1947, until March 24, 1948.

11. The annual reports of Atlas Tack Corporation on Form 10-K for the years 1945 and 1946 were defective when filed; the Securities and Exchange Commission gave Atlas Tack Corporation prompt notice of the specific deficiencies in these reports and demanded their correction, but Atlas Tack Corporation ignored such demands until after this action was commenced, and then failed to make adequate corrections of the items in such reports relating to the control of the registrant.

12. The responses of Atlas Tack Corporation to Item 1(b) in its 1945, 1946, and 1947 Annual Reports on Form 10-K, and to Item 2 in its 1948 Annual Report on Form 10-K, all of which items call for information showing what person, or persons, control the registrant, and the amendments to those responses filed after this action was commenced, do not sufficiently identify the person or persons who possess the power to direct, or cause the direction of, the management and policies of the registrant, nor do they give any reason why such information cannot be furnished; the Securities and Exchange Commission has repeatedly requested Atlas Tack Corporation to give more specific information as to such person, or persons, but such requests have been ignored.

13. The Securities and Exchange Commission has informed the Atlas Tack Corporation of additional deficiencies in that company's annual reports on Form 10-K for the years 1947 and 1948 but has advised Atlas Tack Corporation that amendments correcting such deficiencies would not be required if the deficiencies were cured in the 1949 Annual Report.

14. Atlas Tack Corporation has not, on May 26, 1950, when notice of this motion was given, filed an annual report for the year 1949, although such report was due on April 30, 1950, nor a quarterly report for its fiscal quarter ending March 31, 1950, although such report was due on May 15, 1950, with the Securities and Exchange Commission, nor had Atlas Tack Corporation, as of May 17, 1950, filed such reports with the New York Stock Exchange.

15. Over the period from February 1944 to the date of this motion the Securities and Exchange Commission has repeatedly advised Atlas Tack Corporation of the necessity for filing annual and quarterly reports under the Securities Exchange Act of 1934, has furnished Atlas Tack Corporation with copies of the applicable forms, rules, and regulations, and has advised Atlas Tack Corporation in detail of deficiencies in reports filed, but Atlas Tack Corporation has consistently, during that period, failed to make any effort to comply with the reporting requirements of the Securities Exchange Act of 1934 until faced with the threat of legal action.

16. Atlas Tack Corporation will, unless enjoined, continue to engage in the practices set forth in these findings.

Conclusions of Law

1. This court has jurisdiction of the subject matter of, and the parties to, this action.

2. The Securities and Exchange Commission is authorized to require the filing, in accordance with such rules and regulations as may be necessary and appropriate for the proper protection of investors and the insurance of fair dealing in the securities registered, of annual, quarterly, and other reports under Section 13(a) of the Securities Exchange Act of 1934 by corporations with securities registered upon national securities exchanges, and the Securities and Exchange Commission is further authorized under Sections 3(b), 12(b) and (c), 13(a)(b) and (c), and 23(a) of the Securities Exchange Act of 1934 to prescribe the form and subject matter of such reports and the methods to be followed in their preparation; pursuant to such authority the Securities and Exchange Commission has adopted rules and regulations which impose, and imposed, the duties upon Atlas Tack Corporation set out in Conclusions 3, 4, and 5.

3. Atlas Tack Corporation is presently required under Section 13 of the Securities Exchange Act of 1934 and Rules X-13A-1, X-12B-10 and X-12B-11 under that Act and General Instruction A on Form 10-K of the Securities and Exchange Commission forms to file an annual report on Form 10-K with the Securities and Exchange Commission and with the New York Stock Exchange within 120 days of the close of each calendar year; prior to January 17, 1949 the same obligation respecting the filing of annual reports was imposed upon Atlas Tack Corporation by the former Rules X-13A-1 and X-13A-2 and by Instruction 3 of the Instruction Book for the former Form 10-K of the Securities and Exchange Commission forms.

4. Atlas Tack Corporation is presently required under Section 13 of the Securities Exchange Act of 1934 and Rules X-13A-13 and X-12B-11 under that Act to file a quarterly report on Form 9-K with the Securities and Exchange Commission and with the New York Stock Exchange not more than 45 days after the end of each calendar quarter of the year; Atlas Tack Corporation was under the same duty to file quarterly reports from the calendar quarter ending March 31, 1946 but until November 2, 1949 such reports were required on Form 8-K of the Securities and Exchange Commission forms and the filing obligations were, prior to January 17, 1949, imposed by former Rule X-13A-6B under the Securities Exchange Act of 1934 and Instruction 11 of the former Form 8-K of the Securities and Exchange Commission forms.

5. Atlas Tack Corporation is presently required under Rule X-12B-11 under the Securities Exchange Act of 1934 to file four copies of each annual and quarterly report with the Securities and Exchange Commission and one copy of such reports with the New York Stock Exchange; such reports must be filed in accordance with and must

conform to, the rule of general application under the Securities Exchange Act, the rules regulating the preparation of reports and financial statements, and particularly Regulation S-X, Regulation X-12B and Regulation X-13A under the Securities Exchange Act of 1934.

6. Atlas Tack Corporation was when this action was commenced, and has been since April, 1944, engaged in the practice of violating Section 13 of the Securities Exchange Act of 1934 and the rules promulgated thereunder and related thereto by, (a) failing and refusing to file annual reports on Form 10-K and quarterly reports on Forms 8-K and 9-K with the Securities and Exchange Commission and with the New York Stock Exchange, (b) filing improperly prepared and defective annual reports on Form 10-K with the Securities and Exchange Commission and with the New York Stock Exchange and failing to correct such reports after receiving notice of the deficiencies in them from the Securities and Exchange Commission and (c) failing and refusing to make timely filings of annual reports on Form 10-K and quarterly reports on Forms 8-K and 9-K with the Securities and Exchange Commission and with the New York Stock Exchange.

7. The responses of Atlas Tack Corporation to Item 1(b) of its 1945, 1946, and 1947 Annual Reports on Form 10-K and and to Item 2 of its 1948 Annual Report on Form 10-K and the amendments filed by Atlas Tack Corporation to such responses do not supply the information required under those items in that they do not sufficiently identify the person, or persons, who possess the power to direct, or cause the direction of, the policies and management of Atlas Tack Corporation.

8. No sufficient excuse appears for the failure of Atlas Tack Corporation to comply with the reporting requirements of the Securities Exchange Act of 1934.

9. There is no genuine issue as to any material fact in this case.

10. The Securities and Exchange Commission is entitled to a judgment enjoining Atlas Tack Corporation from continuing its practice of violating the reporting requirements of the Securities Exchange Act of 1934 and directing that company to conform its reports to the provisions of that Act and the rules thereunder.